UNITED STATES, Appellee,

v.

Specialist Donyale R. DAVIS, United
States Army, Appellant.

ARMY 20010891.

U.S. Army Court of Criminal Appeals.

26 March 2007.

For Appellant: Lieutenant Colonel Steven C. Hendricks, JA; Major Billy B. Ruhling II, JA; Captain Kathleena R. Scarpato, JA (on brief).

For Appellee: Colonel John W. Miller II, JA; Lieutenant Colonel Michele B. Shields, JA; Major Paul T. Cygnarowicz, JA; Captain Trevor B.A. Nelson, JA (on brief).

Before OLMSCHEID, Senior Judge, GALLUP, and KIRBY, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

KIRBY, Judge:

After our initial review of this case pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [hereinafter UCMJ], on 15 March 2006, this court affirmed the findings of guilty and the sentence. *United States v. Davis*, 62 M.J. 691 (Army Ct.Crim. App.2006). On 7 September 2006, the United States Court of Appeals for the Armed Forces (C.A.A.F.) set aside our decision and remanded the case to this court for further review to address our mischaracterization of one of appellant's convictions and to determine whether appellant was denied due process due to unreasonable post-trial and appellate delay. *United States v. Davis*, 64 M.J. 173 (C.A.A.F.2006). With the exception of the summary of appellant's convictions, corrected below, we hereby adopt our 15 March 2006 opinion and add a discussion concerning the post-trial processing of appellant's case, pursuant to the remand of our superior court.

A general court-martial composed of officer and enlisted members convicted appellant of attempted assault with a dangerous weapon,[1] assault with a dangerous weapon, assault

---

1. In the C.A.A.F.'s decision it "note[s] that the Court of Criminal Appeals described Appellant's conviction under Charge III, Specification 1, as renumbered, as the offense of assault with a dangerous weapon." *Davis*, 64 M.J. at 173. In our initial opinion, we did erroneously describe one of the convictions as an assault with a dangerous weapon, rather than an *attempted* assault with a dangerous weapon. The mischaracterization, however, pertained to Specification 2 of

in which grievous bodily harm was intentionally inflicted, obstruction of justice, and false swearing, in violation of Articles 80, 128 and 134, UCMJ.[2] The panel sentenced appellant to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged and credited appellant with thirteen days of confinement credit against his approved sentence to confinement.

### Post–Trial Processing

The post-trial processing of appellant's case was certainly not a model of efficiency. Appellant's sentence was adjudged on 3 October 2001. The military judge took over ten months to authenticate the 1,027–page record of trial. Once authenticated, the staff judge advocate (SJA) took only eleven days to prepare her recommendation to the convening authority. The defense counsel was then allowed one month to submit appellant's clemency petition pursuant to Rule for Courts–Martial 1105, wherein he first asserted dilatory processing of the case. The SJA responded to appellant's clemency request and assertions of legal error and the convening authority took action on appellant's case thirteen days later, on 1 October 2002.

On 22 October 2001, just nineteen days after trial, the convening authority granted appellant's request for deferment of forfeitures until action. As a result, appellant's dependents received financial support during the entire twelve-month period appellant waited for the convening authority to take action on his case.

This court received the record of trial on 23 October 2002. We granted appellant's initial appellate defense counsel eight extensions of time before appellant's case was transferred to a new appellate defense counsel. We granted appellant's second appellate defense counsel another three extensions of time until 18 March 2004. On 8 March 2004, appellant filed an eighteen-page brief with this court alleging three assignments of er-

rors. By this time, appellant had already been granted parole and released from confinement on 27 February 2004. Appellate government counsel was granted eleven extensions of time before filing a thirty-page brief in response on 30 August 2005, over seventeen months after receiving appellant's brief. On 13 October 2005, this court specified an issue and ordered briefs on the specified issue. Appellate defense counsel submitted a brief on the specified issue on 22 November 2005, and appellate government counsel submitted a responsive brief on 20 December 2005. We issued our original decision in this case on 15 March 2006. *Davis, supra.*

■ Our superior court has directed that due process claims of dilatory post-trial and appellate delay are analyzed under the four-factor analysis articulated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *United States v. Finch*, 64 M.J. 118, 125 (C.A.A.F.2006) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F.2006)). If we determine appellant has been denied due process as a result of post-trial delay, he is entitled to relief unless we are convinced the error was harmless beyond a reasonable doubt. *Finch*, 64 M.J at 124 (citing *United States v. Toohey*, 63 M.J. 353, 363 (C.A.A.F.2006)). However, "[w]here we can determine that any violation of the due process right to speedy post-trial review and appeal is harmless beyond a reasonable doubt, we need not undertake the four-factor *Barker* analysis prior to disposing of that post-trial or appellate delay issue." *Id.* at 125 (citing *United States v. Allison*, 63 M.J. 365, 370–71 (C.A.A.F.2006)).

■ In this case, even assuming appellant was denied his due process right to speedy review and appeal, that error was harmless beyond a reasonable doubt and no relief is warranted. Appellant's dependents received financial support during the entire period that appellant's case awaited action by the convening authority. Furthermore, appel-

---

Charge I, not Specification 1, as renumbered, of Charge III.

**2.** Appellant did not formally enter pleas at trial, but the court proceeded as though he had plead-

ed not guilty. *Cf.* UCMJ art. 45(a) (stating "[i]f an accused after arraignment ... fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty").

lant was released from confinement shortly before he submitted his pleadings to this court in which did not raise any meritorious assignments of error. Appellant has not, therefore, demonstrated any "particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006) (quoting *Moreno*, 63 M.J. at 140.) However, as our superior court's recent guidance sets forth, this court carefully scrutinizes requests for extension of time to file appellate pleadings and will not tolerate extensive delays in future appellate litigation absent unusual and well-documented circumstances.

The findings of guilty and the sentence are affirmed.

Senior Judge OLMSCHEID and Judge GALLUP concur.